**Joseph R. BRUNETTI, Plaintiff and Appellant,**

v.

**Joe MASCARO, Defendant and Appellee.**

**No. 920009–CA.**

Court of Appeals of Utah.

May 7, 1993.

Brian W. Steffensen (argued), Brian W. Steffensen, P.C., Salt Lake City, for plaintiff and Appellant.

Joseph C. Rust (argued), Kesler & Rust, Salt Lake City, for defendant and Appellee.

Before BILLINGS, GREENWOOD and RUSSON, JJ.

RUSSON, Associate Presiding Judge:

Joseph R. Brunetti appeals the trial court's denial of his motion for summary judgment, claiming that because Joe Mascaro did not timely respond to his request for admissions, the said admissions should have been deemed admitted. We affirm.

## FACTS

On September 27, 1989, Brunetti filed a summons and complaint against Mascaro. Attached to the complaint were interrogatories, a request for production of documents, and a request for admissions. Mascaro filed an answer to the complaint on October 23, 1989, but did not respond to the discovery requests at that time.

On May 18, 1990, Brunetti filed a motion for summary judgment, asserting that because Mascaro had not responded to his request for admissions, the court should deem them admitted and grant summary judgment in favor of Brunetti. Mascaro responded, stating that (1) since the discovery requests came stapled to the complaint with no differentiation between the documents, there was no valid service of the discovery; (2) the failure to respond to the request for admissions was due to a reasonable oversight; and (3) his counsel's records indicated that the response to the request for admissions was mailed to the court on November 22, 1989. Attached to Mascaro's response to the summary judgment motion was his response to the request for admissions, along with its mailing certificate. In addition, Mascaro's counsel filed an affidavit asserting that to his knowledge, Mascaro's response to the request for admissions had been duly mailed. Brunetti subsequently filed a document entitled "Verified Reply to Response to Motion for Summary Judgment," in which he further clarified his position that the said admissions should be admitted and not allowed to be withdrawn. Following a hearing on Brunetti's motion for summary judgment and the subsequent documents, the trial court denied Brunetti's motion.

On January 2, 1991, the case was tried to the bench. The court entered judgment in favor of Brunetti in the amount of $826 plus pre-judgment interest, post-judgment interest and costs. On January 10, 1991, Mascaro filed an objection to the judgment, contesting the award of pre-judgment interest. The court entered an amended judgment on November 27, 1991, eliminating the same. Brunetti filed his notice of appeal on December 27, 1991.

## ANALYSIS

### Timeliness of Appeal

■ As an initial matter, Mascaro claims that since judgment was originally entered on January 2, 1991, under the applicable rules, Brunetti had thirty days from that date to file his notice of appeal. Thus, he argues, Brunetti's notice of appeal filed December 27, 1991, was not timely. Brunetti responds that because the trial court, on Mascaro's objection, entered an amended judgment in this matter on November 27, 1991, he had thirty days from that date to file his notice of appeal, and that, therefore, his notice of appeal was timely filed.

Utah Rule of Appellate Procedure 4(a) provides that a notice of appeal must be filed within thirty days after the date of entry of the judgment on the order appealed from. However, if a timely motion is filed under Rule 52(b) or Rule 59 to alter or amend the judgment, the time for appeal shall run from the entry of the order disposing of that motion. Utah R.App.P. 4(b).

We have previously stated that "[r]egardless of how it is captioned, a motion filed within ten days of the entry of judgment that questions the correctness of the court's findings and conclusions is properly treated as a post-judgment motion under either Rules 52(b) or 59(e)." *DeBry v. Fidelity Nat'l Title Ins. Co.*, 828 P.2d 520, 522–23 (Utah App.1992) (citing *Vreeken v. Davis*, 718 F.2d 343, 345 (10th Cir.1983); *Gallardo v. Bolinder*, 800 P.2d 816, 817 (Utah 1990) (per curiam); *Armstrong Rubber Co. v. Bastian*, 657 P.2d 1346, 1347–48 (Utah 1983)) (footnote omitted).

In this case, Mascaro filed a motion within ten days of the entry of the judgment, objecting to the trial court's award of pre-judgment interest to Brunetti. Thus, under *DeBry*, Mascaro's motion must be construed as a Rule 59(e) motion to alter or amend the judgment. *See DeBry*, 828 P.2d at 522–23. Since Brunetti filed his notice of appeal within thirty days of the order disposing of that motion, his notice of appeal was timely filed.

### Motion for Summary Judgment

On appeal, Brunetti claims that the trial court should have granted his motion for summary judgment due to Mascaro's failure to respond to his request for admissions within the time allowed by Utah Rule of Civil Procedure 36(a). Brunetti argues that since neither he nor the trial court received Mascaro's response until after he filed his motion for summary judgment in May 1990, the court should have deemed the requested admissions admitted and entered judgment for Brunetti based on those admissions. Mascaro responds that since he mailed his response to Brunetti's request to the trial court on November 22, 1989, the trial court properly refused to deem the said admissions admitted.

Rule 36(a) provides, in pertinent part:

A party may serve upon any other party a written request for the admission, for purpose of the pending action only, of the truth of any matters ... that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request....

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter ... but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of the summons and complaint upon him.

Utah R.Civ.P. 36(a).

In the case at bar, Brunetti served Mascaro with his request for admissions along with the summons and complaint on October 2, 1989. Thus, according to the plain language of Rule 36(a), Mascaro had until November 16 to respond to Brunetti's request for admissions. Therefore, even accepting as true Mascaro's assertion that he responded to Brunetti's request for admis-

sions on November 22, such date was not within the time prescribed by Rule 36(a). Accordingly, we conclude that Mascaro's response was not properly filed pursuant to Rule 36(a).

However, this does not end our analysis. Subsection (b) of Rule 36 provides that a trial court may permit withdrawal of admissions if the merits of the underlying action will be advanced by such withdrawal and if the party requesting the admissions fails to convince the court that it will be prejudiced by such withdrawal. See Utah R.Civ.P. 36(b).

In the present case, this analysis involves two steps: (1) whether the trial court properly construed the documents before it as a motion to withdraw; and (2) if it did, whether the trial court abused its discretion in allowing withdrawal under the facts of this case.

■ As to the first point, Mascaro argues that since all of the documents before the trial court on Brunetti's motion for summary judgment concerned Brunetti's earlier request for admissions, the trial court's denial of that motion should be construed as a ruling by the court that the admissions should be allowed to be withdrawn. Brunetti responds that since the trial court did not have an express motion to withdraw before it, the court's actions cannot be so construed. We disagree.

■ It is well settled that in determining whether the trial court properly characterized a document before it, we look to the substance of that document, and not merely to its caption. *DeBry*, 828 P.2d at 522; *see also Watkiss & Campbell v. Foa & Son*, 808 P.2d 1061, 1064 (Utah 1991) (an incorrect title placed upon a pleading is not a bar to the case); *accord Gallardo*, 800 P.2d at 817; *Armstrong Rubber Co.*, 657 P.2d at 1347–48.

Prior to ruling on Brunetti's motion for summary judgment, the trial court had before it: (1) Brunetti's motion for summary judgment, which was solely predicated on his requested admissions; (2) Mascaro's response to that motion, which enumerated the arguments why the admissions should

not be admitted; and (3) Brunetti's subsequent verified reply to Mascaro's response to his summary judgment motion, in which Brunetti further clarified his position on this point. Thus, although the trial court did not have a per se motion to withdraw before it, its denial of Brunetti's motion constituted authorization for such withdrawal. Because the above documents clearly outlined the parties' respective positions on the question of withdrawal of the admissions, and the trial court was fully briefed thereon, it properly treated the various documents as a motion to withdraw the admissions.

■ Accordingly, we next examine whether the trial court abused its discretion in allowing withdrawal of the said admissions under Utah Rule of Civil Procedure 36(b), which provides, in relevant part:

[T]he court may permit withdrawal or amendment [of an admission] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.

Utah R.Civ.P. 36(b).

Pursuant to Rule 36(b), a trial court is given "discretion to permit withdrawal or amendment of admissions when the presentation of the merits of the action would be served and the party obtaining admissions fails to satisfy the court that he will be prejudiced in maintaining his action." *Jensen v. Pioneer Dodge Ctr., Inc.*, 702 P.2d 98, 100 (Utah 1985) (footnote omitted); *accord Whitaker v. Nikols*, 699 P.2d 685, 686–87 (Utah 1985).

In the case at bar, Mascaro explained to the trial court that his response to the request for admissions, although never received, had in fact been previously mailed in good faith to the court. Further, he convinced the court that his failure to timely respond was due to a reasonable oversight because the same had come stapled to the complaint with no differentiation between the documents. On the basis of these arguments, the trial court determined that the merits of the action would be

undermined unless the admissions were withdrawn.[1] Moreover, contrary to Rule 36(b), Brunetti did not even argue that he would be prejudiced by the withdrawal of the said admissions, much less satisfy the trial court that such was the case. Accordingly, we conclude that the trial court did not abuse its discretion in denying Brunetti's motion for summary judgment.

Brunetti nonetheless argues that the holdings in *Jensen* and *Whitaker* compel reversal of the trial court's denial of his motion for summary judgment in this case. However, those cases are readily distinguishable from the present case. In both cases, the supreme court reversed and remanded the trial court's decision to ignore admissions because there was nothing in the record to indicate that the party opposing the admissions had made any attempt to withdraw or amend the said admissions. *See Jensen*, 702 P.2d at 100; *Whitaker*, 699 P.2d at 687. Here, all of the documents before the trial court on Brunetti's motion for summary judgment solely and specifically addressed the issue of whether the requested admissions should be admitted or withdrawn, and the trial court denied Brunetti's motion precisely on the basis of the arguments in those documents. Thus, we conclude that the trial court's denial of Brunetti's motion is not contrary to *Jensen* and *Whitaker*, but consistent with both the spirit and letter of those cases.

### CONCLUSION

In conclusion, we hold that the trial's court's denial of Brunetti's motion for summary judgment did not constitute an abuse of discretion. Accordingly, we affirm.

BILLINGS and GREENWOOD, JJ., concur.

---

1. This determination was additionally supported by the fact that Brunetti was unable to prove the truth of the requested admissions at trial.