2008 UT App 44

E.C. "Bud" BARNES, an individual; Rampart Recreational and Leisure Industries, LLC; Utah Trails Resort & Tours, LLC; and Utah Trails Resort, Inc., Plaintiffs and Appellants,

v.

Dale E. CLARKSON, an individual; Golden Circle Tours, Inc.; and Clarkson Properties, Inc., Defendants and Appellees.

No. 20070147–CA.

Court of Appeals of Utah.

Feb. 14, 2008.

Justin D. Heideman, St. George, and Justin R. Elswick, Provo, for Appellants.

Steven W. Beckstrom, Barry E. Clarkson, and Jenny T. Jones, St. George, for Appellees.

Before Judges BENCH, DAVIS, and McHUGH.

OPINION

DAVIS, Judge:

¶1 Plaintiffs E.C. Barnes (Barnes); Rampart Recreational and Leisure Industries, LLC; Utah Trails Resort & Tours, LLC; and Utah Trails Resort, Inc. appeal a grant of summary judgment in favor of Defendants Dale E. Clarkson (Clarkson); Golden Circle Tours, Inc.; and Clarkson Properties, Inc. Plaintiffs additionally appeal both the denial of their motion to withdraw admissions and a second summary judgment that was granted based on those admissions. We affirm and remand to the district court for a determination of costs and attorney fees incurred on appeal.

BACKGROUND

¶2 This dispute arises from transactions regarding property that the Bureau of Land Management (the BLM) was willing to sell to Kanab City (the City). It was agreed that Clarkson's company would purchase BLM land from the City and would then sell the land to Barnes's company. At some point during the transaction, a dispute arose over a certain piece of property (the Pugh Canyon Parcel) and whether that parcel would be part of the property conveyed to Barnes's company. The parties eventually entered into a settlement agreement (the Settlement Agreement), which determined: "The parties clarify that [Barnes's company] shall make no claim of right, title or interest to [the Pugh Canyon Parcel] and that [Barnes's company] shall be given credit for the purchase price of said property from the BLM in the transaction."[1] Barnes alleges that he made this concession because Clarkson told

him that an environmental study had found an endangered species on the Pugh Canyon Parcel and that possession of that property would have to be transferred back to the BLM. Shortly after the Settlement Agreement was signed, the property transaction was completed in accordance with the agreement's terms.

¶3 Several years later, Barnes learned that the Pugh Canyon Parcel had never been transferred back to the BLM but had instead remained in the possession of Clarkson's company. Plaintiffs thereafter filed a complaint alleging fraud and seeking ownership of the Pugh Canyon Parcel. Defendants responded and counterclaimed, arguing, among other things, breach of the Settlement Agreement.

¶4 Defendants moved for summary judgment on Plaintiffs' original claims, arguing theories of accord and satisfaction, statute of limitations, and statute of frauds. The district court determined that Plaintiffs' allegations of misrepresentation and fraud precluded a grant of summary judgment under either the accord and satisfaction theory or the statute of limitations theory. The court did, however, grant summary judgment in favor of Defendants under the statute of frauds theory. Plaintiffs filed a motion for reconsideration, arguing an exception to the statute of frauds, but that motion was denied.

¶5 Defendants next served requests for admissions on Plaintiffs. Because of serious health problems that Barnes was experiencing at that time, the parties agreed to an extension of time beyond the usual thirty days for response, see Utah R. Civ. P. 36(a)(2). Plaintiffs, however, did not respond until three weeks after the agreed-upon deadline. The requests for admissions—which included assertions that Clarkson made no representation that the Pugh Canyon Parcel would be returned to the BLM and that the Settlement Agreement was not entered into due to misrepresentation or fraud—were thus deemed admitted. See id.

1. For our analysis we need not, and therefore do not, address the precise scope of the claims

waived in the Settlement Agreement.

¶ 6 Based on these admissions, Defendants then filed a second motion for summary judgment, this time addressing their counterclaim for breach of the Settlement Agreement. Plaintiffs opposed the motion and moved for a withdrawal of the admissions. After considering the matter, the district court determined that Plaintiffs had not made the requisite showing to allow a withdrawal of the admissions. The court then decided, as a matter of law, that (1) based on the admissions—which established that the Settlement Agreement was not entered into as a result of misrepresentation or fraud—the Settlement Agreement was a valid accord and satisfaction; (2) Plaintiffs had breached the Settlement Agreement by bringing the instant lawsuit; and (3) Defendants were entitled to costs and reasonable attorney fees under the Settlement Agreement.

¶ 7 Plaintiffs now appeal the first grant of summary judgment, arguing that their claims are not barred by the statute of frauds. They also appeal the denial of their motion to withdraw admissions, as well as the second summary judgment, which was based on those admissions.

## ISSUES AND STANDARDS OF REVIEW

¶ 8 Plaintiffs argue that the district court erred in granting Defendants' two motions for summary judgment, which dismissed Plaintiffs' claims as being barred by the statute of frauds and awarded Defendants costs and attorney fees under the Settlement Agreement. Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Id.* R. 56(c). Therefore, we grant no deference to the court below, but instead, "the district court's legal conclusions and ultimate grant or denial of summary judgment are reviewed for correctness." *Massey v. Grif-*

*fiths*, 2007 UT 10, ¶ 8, 152 P.3d 312 (citing *View Condo. Owners Ass'n v. MSICO, LLC,* 2005 UT 91, ¶ 17, 127 P.3d 697).

¶ 9 In connection with their appeal of the second summary judgment, Plaintiffs also argue that the district court erred by denying their motion to withdraw admissions. We review the denial of such a motion under a " 'conditional' discretionary standard," first determining if certain conditions have been met and then determining if the district court abused the discretion that it is allowed once the conditions have been met. *Langeland v. Monarch Motors, Inc.,* 952 P.2d 1058, 1060–61 (Utah 1998). We discuss this unique standard of review in more detail in our analysis below.

## ANALYSIS

¶ 10 Plaintiffs argue that the district court inappropriately granted the first summary judgment on statute of frauds grounds. They also allege error in the denial of their motion to withdraw admissions and in the resulting second grant of summary judgment in favor of Defendants. We first address the motion to withdraw admissions, as it is the dispositive issue.[2]

¶ 11 Under rule 36(a) of the Utah Rules of Civil Procedure, after a party has been served with a request for admission, the matters therein will be deemed admitted if the receiving party does not respond to the requesting party with a written answer or objection addressing the matter within thirty days. *See* Utah R. Civ. P. 36(a)(2).[3] And " '[t]he trial court does not have discretion to unilaterally disregard [such] admissions.' " *Langeland*, 952 P.2d at 1060 (emphasis omitted) (quoting *Jensen v. Pioneer Dodge Ctr., Inc.,* 702 P.2d 98, 100 (Utah 1985)). Rule 36(b), however, does permit the district court to allow withdrawal or amendment of an

2. At oral argument, Plaintiffs conceded that if we were to determine that the Settlement Agreement is valid, this would be dispositive of their claim to the Pugh Canyon Parcel.

3. Plaintiffs argue that the requests for admissions were served after the close of fact discovery and that Plaintiffs "were not obligated to answer by any specific date." But the plain language of rule 36(a) requires some response—either an an-

swer or an objection—within the thirty days or such other time as the district court may allow. *See* Utah R. Civ. P. 36(a)(2). Plaintiffs never objected to the requests in any way and the court never granted additional time for response. Instead, Plaintiffs asked Defendants for, and were given, an extension of time to answer, which new deadline Plaintiffs still missed by several weeks.

admission "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Utah R. Civ. P. 36(b). Thus, "judicial discretion [to allow withdrawal or amendment] is permitted only after certain preliminary conditions have been met." *Langeland*, 952 P.2d at 1060.

¶ 12 It follows, then, that our review of the district court's action on a rule 36(b) motion is a two-step process:

In the first step, we review the trial court's determinations as to whether amendment or withdrawal would serve the presentation of the merits and whether amendment or withdrawal would result in prejudice to the nonmoving party. In the second step, we review the trial court's discretion to grant or deny the motion.

*Id.* at 1060–61. Only after both rule 36(b) conditions have been met does a district court have discretion to grant or deny the motion to withdraw admissions, which decision we review for an abuse of discretion. But the court's preliminary determination as to whether the rule 36(b) conditions have been met "is subject to a somewhat more exacting standard of review." *Id.* at 1061.

■ ¶ 13 We begin our review by addressing whether the first rule 36(b) requirement was met, i.e., whether withdrawal would serve the presentation of the merits of the action. To satisfy this requirement, "the party seeking ... withdrawal must (1) show that the matters deemed admitted against it are relevant to the merits of the underlying cause of action, and (2) introduce some evidence by affidavit or otherwise of specific facts indicating that the matters deemed admitted against it are in fact untrue." *Id.* at 1062. There is no dispute that the issues admitted here are relevant to the merits of the claims. The district court, however, ruled that the second prong was not met, stating: "[P]laintiffs have simply failed in their burden to convince this Court with any evidence of specific facts indicating that the

matters deemed admitted are in fact untrue." We agree.

¶ 14 Both parties rely on *Langeland v. Monarch Motors, Inc.*, 952 P.2d 1058 (Utah 1998). In *Langeland*, the Utah Supreme Court determined that although the admissions there were relevant, the party seeking withdrawal failed to meet its burden of introducing evidence that the admissions "[we]re in fact untrue." *Id.* at 1063. The motion before the *Langeland* court asserted that the admissions were untrue, but the motion "lack[ed] any sort of detailed articulation of such arguments and [was] entirely devoid of evidence of specific facts contradicting the admissions." *Id.* at 1062–63 (footnote omitted). The motion instead focused "almost exclusively" on the prejudice requirement. *Id.* at 1063.

■ ¶ 15 Here, the memorandum supporting the motion to withdraw admissions suffers from the same inadequacies as did the motion in *Langeland*. After setting forth the two requirements of rule 36(b), Plaintiffs' memorandum makes only the following general argument regarding the alleged falsity of the admissions: "Plaintiff has shown by Affidavit and Exhibits that the Admissions are false and should be withdrawn." The argument then moves on to discuss the prejudice requirement. Plaintiffs purport to deny the truth of the admissions elsewhere in the memorandum, but these statements are conclusory and devoid of specific facts—simply stating that Clarkson did misrepresent the status of the Pugh Canyon Parcel by saying that it must be returned to the BLM, and reiterating that "[t]he Settlement Agreement was entered into by fraud." The *Langeland* court clearly instructed that after matters have been deemed admitted, the time for denial is passed and "something more than a bare denial" is then requisite. *Id.* at 1062.

¶ 16 Plaintiffs argue that their memorandum provided more than bare denials because, unlike was the case in *Langeland*, the memorandum was incorporated by reference in Barnes's affidavit.[4] But even accepting

---

4. Barnes's affidavit attached to Plaintiffs' memorandum avers: "Everything stated in the Memo-

randum in Opposition to Motion for Summary

that the memorandum and Barnes's affidavit amount to a denial that Clarkson did not make the representation regarding the status of the Pugh Canyon Parcel, it does not provide any evidence of specific facts indicating that Clarkson's representation was a *mis*representation or that the Settlement Agreement was otherwise procured by fraud.[5] Therefore, the affidavit simply does not rise to the kind of evidence required here, i.e., "evidence of specific facts contradicting the admissions," *id.* at 1062–63.[6]

¶ 17 In sum, we agree with the district court that Plaintiffs did not meet their burden to show that withdrawal of the admissions would serve the presentation of the merits of the action, that Defendants are therefore relieved of their burden to show that they would be prejudiced by the withdrawal of the admissions, and that the district court could not have exercised its discretion to allow withdrawal of the admissions. Thus, we affirm the denial of the motion to withdraw admissions; and because Plaintiffs' claim of error in the second grant of summary judgment is based on a withdrawal of the admissions, we likewise affirm the second grant of summary judgment.[7]

¶ 18 Defendants request their costs and attorney fees on appeal. The Settlement Agreement provides: "In the event that there shall be a dispute over the terms of this Agreement, the prevailing party shall be entitled to reimbursement of its costs and expenses, including reasonable attorney[ ] fees." "[A] provision for payment of attorney[ ] fees in a contract includes attorney[ ] fees incurred by the prevailing party on appeal as well as at trial, if the action is brought to enforce the contract." *Management Servs. Corp. v. Development Assocs.*, 617 P.2d 406, 409 (Utah 1980). We therefore award Defendants their costs and reasonable attorney fees on appeal, and we remand to the district court for a calculation of such amounts.

## CONCLUSION

¶ 19 We affirm the district court's denial of Plaintiffs' motion to withdraw admissions, agreeing with the district court that Plaintiffs failed to show that withdrawal would serve the presentation of the merits of the action. We therefore affirm the second grant of summary judgment as a result of those admissions. Additionally, we award Defendants

---

Judgment is true and accurate to the best of my knowledge."

5. In their memorandum, Plaintiffs also recite from the first summary judgment ruling, wherein the district court concluded that "[t]he representation by Clarkson about the second environmental study does appear to be evidence of fraud" and refused to grant summary judgment based on the accord and satisfaction theory. The finding supporting this conclusion states: "During the settlement negotiations Clarkson represented to Barnes that a second environmental study revealed the Pugh Canyon Parcel contained an endangered plant species and would have to . . . eventually be returned to the BLM." This finding, however, includes a footnote, which states: "The Court will treat the fact as true for purposes of this motion." Thus, it is clear that the district court was following correct summary judgment procedure, simply viewing the evidence to determine whether there was a disputed issue of fact, and not making a determination on the merits. *See Hill v. Grand Cent., Inc.*, 25 Utah 2d 121, 477 P.2d 150, 151 (1970) ("Summary judgment is never used to determine what the facts are, but only to ascertain whether there are any material issues of fact in dispute."). As a result, when

admissions were later made stating that there was no fraud, this was no longer a disputed issue of fact and the court was free to make new findings and conclusions reflecting the same.

6. The several other documents Plaintiffs attached to the memorandum are likewise unhelpful, for the memorandum contains no detailed argument clarifying how those documents—none of which mention the Pugh Canyon Parcel or anything about Clarkson's alleged representation—would indicate that the admissions are untrue.

7. Plaintiffs allege error in the first summary judgment ruling, in which the district court determined that, although Plaintiffs' claims could not be summarily dismissed under theories of either accord and satisfaction or statute of limitations, the claims were barred by the statute of frauds. Because of our analysis and affirmance regarding the Plaintiffs' admissions, we need not address the statute of frauds issue. We note, however, that after a review of the record, it is clear that the statute of frauds is applicable to Plaintiffs' claim and that neither of the argued exceptions, one of which arguments was not preserved below, would provide relief from the application of the doctrine.

their costs and reasonable attorney fees on appeal, and we remand to the district court for an appropriate calculation thereof.

¶ 20 WE CONCUR: RUSSELL W. BENCH, Judge and CAROLYN B. McHUGH, Judge.