2011 UT App 278

**N.A.R., INC., Plaintiff and Appellee,**

v.

**Daniel W. WHITTINGTON, Defendant and Appellant.**

No. 20100754–CA.

Court of Appeals of Utah.

Aug. 18, 2011.

Daniel W. Whittington, Draper, Appellant Pro Se.

Randolph Chip G. Shaner and B. Joseph Beecroft, Salt Lake City, for Appellee.

Before Judges ORME, VOROS, and ROTH.

## DECISION

PER CURIAM:

¶ 1 Defendant Daniel W. Whittington appeals a collections judgment on an unpaid debt for money borrowed from Mountain America Federal Credit Union (Mountain America). The debt was assigned for collection to Plaintiff N.A.R., Inc., which filed a complaint to collect the unpaid amount on an educational credit line loan. Whittington answered by suggesting that he was not the person who had obtained the loan. N.A.R. served interrogatories, requests for admission, and requests for production of documents seeking to determine the factual basis for Whittington's defense. The requests for admission sought admissions to all of the factual allegations of the complaint, and the interrogatories sought to clarify the factual support for any response that did not admit the matters set out in the request for admissions. Whittington did not respond to any of the discovery requests. N.A.R. filed a motion for summary judgment based upon the admitted facts establishing Whittington's liability under the loan from Mountain America and upon the affidavit of Gavin Duckworth, which attested that the documents attached to his affidavit were copies of the original documents received by N.A.R. from Mountain America. The district court granted summary judgment.

¶ 2 As required by rule 36 of the Utah Rules of Civil Procedure, N.A.R.'s requests for admission advised Whittington that "pursuant to rule 36(a)(1), the matters shall be deemed admitted unless said request is responded to within thirty (30) days after service of the request, or within such shorter or longer time as the court may allow." The

interrogatories provided that if any answer to a request for admission was other than an unqualified admission, Whittington was required "to set forth all facts in support of your qualification or denial in detail." The interrogatories and requests for production were calculated to discover any facts and evidence supporting Whittington's defenses.

¶ 3 Failure to respond to requests for admission will result in the matters being admitted. *See* Utah R. Civ. P. 36(a). "A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request," but must either "deny the matter or set forth reasons why he cannot admit or deny it." *Id.* "Any matter admitted under [rule 36] is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Id.* R. 36(b). Once matters have been admitted against a party who fails to respond to requests for admission, "something more than a bare denial is required to convince the court that the admissions should be withdrawn or amended and that the merits of the matter should be argued in court." *Langeland v. Monarch Motors, Inc.*, 952 P.2d 1058, 1062 (Utah 1998); *see also Barnes v. Clarkson*, 2008 UT App 44, ¶ 11, 178 P.3d 930 (stating that the trial court does not have discretion to unilaterally disregard admissions and may allow withdrawal or amendment only after preliminary conditions have been met). Accordingly, a party seeking to set aside admissions must first show that the matters deemed admitted are relevant to the merits of the cause of action and then "introduce some evidence by affidavit or otherwise of specific facts indicating that the matters deemed admitted against it are in fact untrue." *Id.*

¶ 4 Whittington's failure to respond to the requests for admission resulted in the factual allegations of the complaint being admitted. As a result of those admissions, there was no genuine issue of material fact to prevent summary judgment against him. Furthermore, rather than raising an appropriate objection to any of the requests for admission or interrogatories, Whittington relied upon his belief that he was not required

to respond to any discovery regarding his claimed defenses until after N.A.R. had proven that he was the one and only Daniel Whittington who could have entered into the loan. Finally, Whittington did not move the district court to allow him to withdraw or amend the admissions. He opposed summary judgment by filing his own purported motion for summary judgment or to strike interrogatories, in which he stated only his belief that he was not required to make N.A.R.'s case and that he did not care to respond to discovery. The district court did not err in granting summary judgment.

¶ 5 N.A.R. contends that Whittington did not adequately preserve the issues he seeks to raise on appeal. First, Whittington did not request production of the original loan documents and did not request that the original documents be produced to allow an expert to examine the signatures thereon. Rule 1003 of the Utah Rules of Evidence states, "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Utah R. Evid. 1003. If Whittington had a genuine question as to the authenticity of the loan documents, he was required to raise it in a timely manner to allow the district court to rule on the objection, but he did not do so. Whittington also did not timely object to Duckworth's affidavit or provide any legal authority for an objection in district court. On appeal, Whittington apparently claims that the affidavit is insufficient because Duckworth must have seen Whittington sign the loan documents. Whittington failed to adequately preserve his objection to the Duckworth affidavit or his arguments regarding the use of copies of the original loan documents by timely and appropriate objections made in district court.

¶ 6 Accordingly, we affirm.

### ORDER

This case is before the court on N.A.R. Inc.'s (N.A.R.) petition for rehearing filed pursuant to rule 35(a) of the Utah Rules of Appellate Procedure. The court called for a

response, which has been filed. N.A.R. asserts in its petition for rehearing that this court overlooked its request for attorney fees and costs incurred on appeal.

We affirmed the judgment of the district court, which had included an award of attorney fees. *See N.A.R., Inc. v. Whittington*, 2011 UT App 278, 263 P.3d 461. "When a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal." *Valcarce v. Fitzgerald*, 961 P.2d 305, 319 (Utah 1998). The omission of an award of attorney fees on appeal was an oversight. Under the circumstances, an actual rehearing is unnecessary. On the basis of the foregoing,

IT IS HEREBY ORDERED that N.A.R., Inc. is awarded its attorney fees and costs incurred on appeal, and the case is remanded to the district court for determination of the amount of the attorney fees and costs reasonably incurred on appeal.