*This opinion is subject to revision before final*
*publication in the Pacific Reporter*

**2018 UT 18**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

LEGRAND JOHNSON CONSTRUCTION COMPANY,
*Appellee,*

*v.*

CELTIC BANK CORPORATION and CELTIC INVESTMENT, INC.,
*Appellants.*

No. 20160913
Filed May 21, 2018

On Direct Appeal

First District, Logan
The Honorable Brian G. Cannell
No. 090101252

Attorneys:

John A. Snow, James A. Boevers, Salt Lake City, Mark B. Hancey,
Logan, for appellee

Troy L. Booher, Beth E. Kennedy, Leslie K. Rinaldi, Ronald G.
Russell, Jeffery A. Balls, Salt Lake City, for appellants

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court, in
which CHIEF JUSTICE DURRANT, JUSTICE HIMONAS, JUSTICE PEARCE, and
JUDGE POHLMAN joined.

Having recused herself, JUSTICE PETERSEN does not participate herein;
COURT OF APPEALS JUDGE JILL M. POHLMAN sat.

ASSOCIATE CHIEF JUSTICE LEE, opinion of the Court:

¶1 LeGrand Johnson Construction Company (LeGrand) filed an action seeking to enforce a mechanic's lien on property owned by B2AC, LLC, for the unpaid value of construction services provided by LeGrand. Celtic Bank, B2AC's lender, sought to foreclose on the same property after B2AC failed to pay on its loan. B2AC did not defend against LeGrand's action to enforce its mechanic's lien. The action resulted in a lien for $237,294.21 and an

award of $6,395.50 in attorney fees and costs, which were to be collected from the proceeds of the sale of B2AC's property.

¶2    LeGrand and Celtic Bank disputed which of their liens had priority. The district court determined that LeGrand's lien had priority. It also awarded LeGrand $132,916.48 in attorney fees and costs incurred in the lien priority action. And it held that LeGrand was entitled to recover 18 percent in prejudgment and postjudgment interest from Celtic Bank based on LeGrand's contract with B2AC. The prejudgment interest was awarded not only on the value of the mechanic's lien but also on the attorney fees and costs incurred by LeGrand in seeking to enforce the lien against B2AC and in seeking to establish priority against Celtic Bank.

¶3    Celtic Bank appeals. It challenges the district court's decision awarding prejudgment interest on the value of the mechanic's lien and on the amount of LeGrand's attorney fees. In the event we reverse the award of prejudgment interest, Celtic Bank also asks us to vacate the district court's attorney fee award and to remand to allow the district court to award attorney fees and costs to Celtic Bank as the prevailing party on the prejudgment interest issues. To the extent Celtic Bank remains liable for attorney fees and costs, Celtic Bank also asks us to reverse the award of postjudgment interest rate of 18 percent and to limit the postjudgment interest rate pursuant to Utah Code section 15-1-4.

¶4    We reverse the decision to award prejudgment interest on the basis of our decision in *Jordan Construction, Inc. v. Federal National Mortgage Ass'n*, 2017 UT 28, ¶ 64, 408 P.3d 296. We also conclude that Celtic Bank is the prevailing party on the prejudgment interest issues. And we accordingly vacate and remand to the district court to allow it to award attorney fees in a manner consistent with this opinion.

I

¶5    Celtic Bank's first claim of error is vindicated by our recent decision in *Jordan Construction, Inc. v. Federal National Mortgage Ass'n*, 2017 UT 28, 408 P.3d 296. There we explained that "[t]he extent of overall recovery available on a mechanic's lien claim, just like the amount that can be validly listed on the lien itself, can be no broader than what is provided for by statute." *Id.* ¶ 61. And we noted that the version of the mechanic's lien statute applicable in

that case (and here)[1] "specifically provided for attorney fees" but "did not provide that prejudgment interest is recoverable in the action." *Id.* ¶ 62. We thus concluded that "what is left unsaid in the mechanic's lien statute is not available for recovery in a mechanic's lien action" and held that prejudgment interest is accordingly "unavailable on a mechanic's lien claim under the 2008 Utah Code." *Id.* ¶¶ 62, 64.

¶6 This holding applies with equal force here. LeGrand has identified no plausible basis for distinguishing our holding in *Jordan Construction*. Nor has it offered a persuasive ground for overruling it. We accordingly reinforce that decision here and reverse the district court's award of prejudgment interest on the basis of *Jordan Construction*.

II

¶7 That conclusion also sustains Celtic Bank's second claim of error. Our decision that LeGrand is not entitled to prejudgment interest also requires us to vacate the district court's attorney fee award.

¶8 The district court determined that LeGrand "qualified as the 'successful party' pursuant to Utah Code Ann. § 38-1-18" and thus awarded LeGrand its attorney fees. But that determination was made at a time when LeGrand had prevailed on all issues before the court—both in establishing its lien priority and in establishing its right to prejudgment interest. That no longer holds, as we have now concluded that LeGrand was not entitled to prejudgment interest.

¶9 We accordingly vacate the fee award and remand for further proceedings that accord with this opinion. On remand the district court should decide whether and to what extent LeGrand (or Celtic Bank) may be entitled to an attorney fee award under Utah Code section 38-1-18. That will require the court to identify the "successful party" in this "action brought to enforce" a mechanic's lien. UTAH CODE § 38-1-18 (2008).

---

[1] *See* UTAH CODE § 38-1-18(1) (2008). In *Jordan Construction, Inc. v. Federal National Mortgage Ass'n* we also noted that the legislature has subsequently amended the statute to now provide for prejudgment interest. 2017 UT 28, ¶ 57 n.40 (citing UTAH CODE § 38-1a-309 (2012)). But we also concluded, as we reinforce here, that the amended provision has no effect on its predecessor, and does not apply retroactively. *See id.*

¶10    In remanding we highlight an issue that has not been briefed to us and that we are therefore not deciding. The issue is whether the "successful party" analysis under section 38-1-18 is to be decided (a) on a claim-by-claim basis, under which LeGrand may be entitled to its fees as the successful party on the priority claim, but Celtic Bank may be entitled to fees as the successful party on the prejudgment interest claim; or (b) on an overarching basis that examines the "action" as a whole, under which the district court would determine which party was overall more "successful," and award fees only to that party. This question is for the district court on remand. It is not presented to us and we do not decide it.

¶11    We do decide one final issue that was presented to us, however, and which may become an issue on remand. We hold that if LeGrand is awarded attorney fees on remand, it is not entitled to prejudgment interest on any fee award and is entitled only to the postjudgment interest rate of 2.65 percent. *See* UTAH CODE § 15-1-4 (2014); UTAH COURTS, *Post Judgment Interest Rates*, http://www.utcourts.gov/resources/intrates/interestrates.htm (last visited May 14, 2018) (listing the post judgment interest rate for each calendar year). Prejudgment interest is not available under the mechanic's lien statute for reasons set forth above. And we also hold that LeGrand is not entitled to the 18 percent interest rate under the operative contract between LeGrand and B2AC.

¶12    The district court found "that the collection of interest at the contractual rate against an entity that was not a party to the contract is provided for implicitly in the mechanic's lien statute." But our cases hold that "[t]he extent of overall recovery available" is limited to costs *specifically* provided for by statute. *Jordan Constr., Inc. v. Fed. Nat'l Mortg. Ass'n*, 2017 UT 28, ¶¶ 61–62, 408 P.3d 296. And the mechanic's lien statute does not specifically provide for the collection of interest at a contractual rate against an entity that is not a party to the contract. For that reason LeGrand is not entitled to the contractual interest rate under the mechanic's lien statute.

¶13    In so concluding we reject LeGrand's attempt to establish a right to interest under the terms of the contract between LeGrand and B2AC. The contract provides for an 18 percent interest rate on "past due balances." But Celtic Bank was not a party to the contract. And it lacks privity with B2AC. For that reason Celtic Bank cannot contractually be obligated to pay an interest rate on any attorney fees that may be awarded on remand. And Celtic Bank has only a statutory obligation to pay postjudgment interest.

III

¶14     We reinforce our holding in *Jordan Construction, Inc. v. Federal National Mortgage Ass'n*, 2017 UT 28, ¶ 64, 408 P.3d 296, that prejudgment interest is not available under the 2008 version of the Utah Mechanic's Lien Act. We also vacate the attorney fee award because it was premised, at least in part, on the notion that LeGrand had succeeded in establishing its right to prejudgment interest. And we remand to allow the district court to enter a new fee award, with the clarification that LeGrand has no right to prejudgment interest on any fees it may be awarded (either under the statute or the contract between LeGrand and B2AC).

————————